CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 2 2 2005

JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY S. HINES,<br>Plaintiff, | )<br>)<br>) Civil Action No. 7:05cv00035<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) **& ORDER**<br>) |
| WARDEN D.H. BRAXTON, et al.,<br>Defendants. | )<br>)<br>) By: Jackson L. Kiser<br>) Senior U.S. District Judge |

This matter is before the court upon plaintiff's letter which the court will construe as a motion for a temporary restraining order. Plaintiff requests that this court issue a preliminary injunction prohibiting the defendants from further assaulting him as described in his original complaint.[1] There plaintiff alleged that the defendants allowed another inmate to "contaminate" him with feces and urine and thereafter failed to ensure he receive necessary medical attention to counteract any potential health threat.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). In determining whether preliminary injunctive relief should be granted, the court applies the "balance of hardship" test. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980). Under this test, the court should consider four factors: 1) whether the plaintiff will suffer irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendant if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether public interest lies

---

[1] In his letter plaintiff also requests that the court supply him with the necessary forms for filing a preliminary injunction. Plaintiff is advised that the court does not maintain such forms, however should he wish to file an additional motion for injunctive relief he need only file a document which alleges the facts and reasoning specific to his motion.

with granting relief. <u>Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg., Co.</u>, 550 F.2d 189, 195 (4th Cir. 1977). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 926 F.2d 353, 360 (4th Cir. 1991).

In his request for injunctive relief, plaintiff has not alleged any facts which suggest he is likely to suffer imminent, irreparable harm. As such, it is hereby

**ORDERED**

that plaintiff's request for injunctive relief shall be and hereby is **DENIED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion & Order to plaintiff.

ENTER: This 22rd of June, 2005.

*[signature]*
Senior U.S. District Judge

2