CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RHc
SEP 12 2005
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY S. HINES, ) | |
| Plaintiff, ) | Civil Action No. 7:05-cv-00035 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN D.A. BRAXTON, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff, Gregory S. Hines, has filed this pro se civil action pursuant to 42 U.S.C. §1983 with jurisdiction vested under 28 U.S.C. §1343. The plaintiff's claims stem from an incident that occurred on November 28, 2004 at Red Onion State Prison, ("prison"). The plaintiff alleges that on that day, during outside recreation, he was physically assaulted by another inmate who sprayed him with a mixture of feces and urine. Plaintiff claims that immediately after the incident defendant correctional officers Conway, Greear, Hall, Smith, and Sutherland ignored the health threat the assault posed by causing some delay before plaintiff was placed in the shower and by failing to ensure that he received prompt medical attention; and thus, were deliberately indifferent under the Eighth Amendment. Additionally, plaintiff alleges that Nurse Charmin Moore refused to treat him following the incident, thereby causing further violation of his Eighth Amendment rights. Plaintiff also alleges that defendants Mullins, Fleming, and Stanley violated his Eighth Amendment rights by ignoring his grievances following the incident.

Defendants have filed motions for summary judgment.[1] The court notified plaintiff of

---

[1] The security officer defendants have filed a motion to dismiss/motion for summary judgment, arguing that plaintiff failed to exhaust administrative remedies, pursuant to 42 U.S.C. §1997e(a), and that the claims were without merit. Nurse Moore filed a motion to dismiss on

1

defendants' motions as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and advised plaintiff that his failure to reply to the defendants' motions might result in summary judgment being granted for the defendants. Plaintiff has filed a response to the defendants' motions, thus making the matter ripe for disposition.

After reviewing the plaintiff's amended complaint and response to the defendants' motion for summary judgment, I find that there is no question of material fact and that the defendants are entitled to judgment as a matter of law on the issue of exhaustion of administrative remedies. Furthermore, I find that the plaintiff's claims fail on the merits as well.

I.

On November 28, 2004 plaintiff was in a recreation cage next to another inmate in his own recreation cage. The other inmate took out a squirt bottle filled with urine and feces and squirted the plaintiff with the contents through the wire of the cage. The plaintiff shielded himself with his jacket but his eyes, lips, and some areas of his skin were exposed to the other inmate's waste. Plaintiff alleges that the other inmate had the Hepatatis C virus at the time of the incident, and he feared that his exposure to the other inmate's urine and feces would make him susceptible to contracting the disease.[2] Plaintiff was then removed from his recreation cage and taken to the showers to wash himself.

---

exhaustion grounds, as well as a motion for summary judgment as to the merits of plaintiff's claim against her. Because the motions to dismiss incorporate affidavits, I must address these motions under the summary judgment standard, pursuant to Fed. R. Civ. P. 12(b) and 56.

[2] Defendant Nurse Moore submitted declarations from Paul Williams, M.D., indicating that there is a only a very minute risk that Plaintiff would have contracted the disease from this type of exposure.

2

While plaintiff was in the shower, Nurse Moore approached him in an effort to conduct a medical evaluation. Plaintiff asserts that he respectfully requested more time in the shower before allowing her to examine him. Nurse Moore alleges that the plaintiff was verbally abusive to her and she left. In any case, the plaintiff was not examined at that time. Approximately 45 minutes later plaintiff finished showering and was returned to his cell. At that time plaintiff again requested medical attention and a physical examination, but was informed medical personnel had already left the building. Nurse Moore does not contest the fact that she did not return to examine the plaintiff again that day, however, she has provided declarations from Paul Williams, M.D., indicating that there is no post-exposure prophylaxis or treatment for the Hepatitis C virus, thus no additional medical attention was necessary at that time.

Plaintiff alleges that he filed two grievances about this matter with prison officials on December 14, 2004, plaintiff does not specify whether the grievances were emergency grievances, informal complaints, or regular grievances. Prison officials deny ever having received any complaints or grievances from the plaintiff on this date. Plaintiff alleges that he subsequently submitted an informal complaint to the Warden's office on December 16, 2004, stating that his grievances from December 14 were being ignored. The Warden's office responded to the plaintiff by stating that he had not filed a grievance or requested any grievance forms on or around December 14, and that he could submit a grievance at any time for intake determination. Plaintiff did submit a grievance on February 10, 2005 in regards to Nurse Moore's alleged failure to treat him.[3] The prison rejected this grievance as being untimely. The

---

[3] Plaintiff initiated this civil action on January 24, 2005, twelve days before he submitted the grievance about Nurse Moore.

3

rejection notice advised plaintiff that he had a right to appeal the decision to the Regional Ombudsman, but plaintiff did not pursue an appeal.

**II.**

Prior to 1996, 42 U.S.C. § 1997(e) granted broad discretionary power to district courts to determine whether or not the grievance procedures used by a prison are a plain, speedy, and effective administrative remedy. Nussle v. Porter, 534 U.S. 516, 523 (2002). Discretionary power was also granted to the district courts regarding the exhaustion requirement of the statute and was only controlling if the court believed that the requirement was appropriate and in the interests of justice in the particular case. 42 U.S.C. § 1997e(a) (1994 ed.).

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. In the PLRA, Congress amended 42 U.S.C. § 1997e, the provision relating to prisoners' exhaustion of administrative remedies. As amended, that section requires that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2000). By the plain language of the statute, exhaustion of administrative remedies is a <u>precondition</u> to the filing of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the §1997e(a) requirement. See Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). In enacting the amended form of 42 U.S.C. §1997e(a), Congress attempted to reduce the number of prisoner suits while simultaneously

4

improving the quality of the suits that prisoners submit in federal court. Nussle, 534 U.S. at 525. The absolute requirement of exhaustion would allow for prison officials to remedy the procedure or situation facing the prisoner, which in turn could satisfy the prisoner and make litigation unnecessary. Booth v. Churner, 532 U.S. 731, 737(2001). Furthermore, the internal grievance procedures would help ferret out frivolous claims, thereby promoting judicial economy and efficiency. Id. Finally, requiring the prisoner to exhaust all available administrative remedies results in a fully developed record that adequately establishes and clarifies the particularities of each case, in the event that the case ultimately goes court. Id.

The United States Supreme Court has held that §1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," Nussle, 534 U.S. at 531, and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies, Booth, 532 U.S. at 731.

## III.

Plaintiff has not exhausted the administrative remedies available to him, and therefore, the case must be dismissed. Virginia Department of Corrections Division Operating Procedure 866 (DOP 866) lays out the necessary steps an inmate must take to exhaust the administrative remedies. The first step in the process requires an inmate to file an informal complaint. If the inmate is unsatisfied with the handling of his informal complaint, then he is entitled to two levels of formal review. This formal review begins by submitting a regular grievance, an action the plaintiff alleges he took, but that is disputed by the defendants. Level 1 of the grievance review

is conducted by the warden or superintendent of the prison where the inmate is held. If unsatisfied with the disposition of this review, then the inmate is entitled to Level II review by the Regional Director, Health Services Director, or Chief of Operations for Classification and Records. Furthermore, if the inmate receives no response within 30 days of submitting the regular grievance, then he may seek Level II review of his grievance.

Even assuming, *arguendo*, that plaintiff did submit two grievances on December 14, 2004 about the incident, plaintiff never alleges that he attempted to appeal either of those grievances. Therefore, plaintiff has failed to exhaust his available administrative remedies, and I shall grant defendant's motions for summary judgment accordingly. See Booth, 532 U.S. at 735.

Furthermore, the plaintiff's grievance concerning the nurse's alleged misconduct was submitted after he filed his complaint in this court, and as such, does not satisfy the §1997e(a) requirement. For a prisoner to comply with §1997e(a), he must exhaust the remedies that are available to him prior to filing his complaint in Federal Court. Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999), McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002), Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002), Neal v. Gourd, 267 F.3d 116 (2d Cir. 2001), Jackson v. Dist of Columbia, 254 F.3d 262, 268-69 (D.C. Cir. 2001), Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Based on the foregoing, I will grant the defendants' motions for summary judgment on the ground that plaintiff failed to exhaust the administrative remedies available to him before filing this action.

**IV.**

Even if plaintiff had exhausted all available administrative remedies, his claims would still fail on the merits. Plaintiff alleges that defendants failure to adequately respond following the incident amounts to deliberate indifference under the Eighth Amendment. For the defendants to be held liable, they must have known of and disregarded an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). Farmer, 511 U.S. at 838. Additionally, for an inmate to succeed on a claim for emotional or mental injury, he must demonstrate that actual physical injury also occurred as a result of the incident. See 42 U.S.C. § 1997e(e) (2005). Accordingly, before the Court must decide whether or not the actions of the defendants constituted deliberate indifference, the plaintiff must demonstrate that he suffered actual physical injury or that there is an intolerable risk of future injury. Farmer, 511 U.S. at 845; Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).

In the instant case, plaintiff has not alleged facts demonstrating any physical injury whatsoever. Plaintiff's medical records for nearly six-months after the incident do not indicate that he has exhibited any symptoms of the Hepatitis C virus, or that he has complained of any symptoms or ailments related to the incident. Additionally, the records do not reflect that plaintiff has requested to be treated or tested for the Hepatitis C virus. Plaintiff offers no evidence in dispute of the medical records. As such, I find that the plaintiff has failed to demonstrate an actual injury or that there he is at substantial risk of future injury. See id.; Turner v. Knight, 121 Fed. Appx. 9, 14 (2005); Bilal v. Smith, 104 Fed. Appx. 324, 325 (2004). Accordingly, I find that the defendants are entitled to judgement as a matter of law.

7

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 12th day of September, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge